IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CRIMINAL NO. GJH-20-446 |
| | * |
| DAVID ANNOR and | * |
| LESLEY ANNOR, | * |
| | * |
| Defendants | * |
| ****** | |

## CONSENT MOTION FOR PROTECTIVE ORDER

The United States of America, by and through its attorneys, and with the consent of counsel for Defendants David Annor and Lesley Annor, hereby requests a Protective Order and in support thereof states as follows:

1. On October 22, 2020, the Honorable Charles B. Day signed an Arrest Warrant for Defendants David Annor and Lesley Annor based on Criminal Complaints charging the Defendants with Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h). ECF No. 1. The Defendants were arrested and had their initial appearances on the Criminal Complaints on November 16, 2020 and November 18, 2020. ECF Nos. 4 and 11. Both Defendants were ordered detained at their initial appearances. ECF Nos. 7 and 17.

2. On December 9, 2020, Defendants David Annor and Lesley Annor were indicted by a grand jury sitting in the District of Maryland with one count of Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h).

3. During the course of the investigation of the money laundering offenses, law enforcement agents have gathered voluminous bank records, victim statements, and electronic data, including computers, phones, and tablets, of the defendants, co-conspirators, and other individuals, which the government wishes to provide to the defense in discovery.

4. Throughout these discoverable materials are personal identifiers including but not

limited to social security numbers, birth dates, bank account numbers and home addresses of co-conspirators, victims, and other individuals who have not been charged in the conspiracy.

5. Pursuant to the U.S. Attorney's Office policy, in the absence of a Protective Order, such personal identifiers must be redacted from discovery materials before they are produced to the defense, just as they must be redacted before documents are filed with the Court, *see* Fed. R. Crim. P. 49.1. However, due to the volume of material at issue, the process of redacting the documents will take so long that the provision of discovery to the defense will be significantly delayed. Moreover, the material required to be redacted, such as victim names, home addresses, and bank account numbers, is relevant to the government's case and thus is necessary to provide to defense counsel in an unredacted format.

6. In order to allow the government to produce the discovery materials in an unredacted form, the parties request that this Court enter a Protective Order under Fed. R. Crim. P. 16(d)(1). For the convenience of the Court, a proposed Protective Order is attached hereto. This Protective Order will protect the privacy interests of any individuals whose personal identifiers are in the discovery materials, without hampering defense counsel in the defense of this matter.

Respectfully submitted,

Robert K. Hur
United States Attorney

By: \_\_/s/_____
Leah B. Grossi
Assistant United States Attorney